UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| JONATHAN L. OLSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: |
| v. ) | |
| ) | |
| SKANSKA USA CIVIL SOUTHEAST, INC. ) | |
| AND MTT EQUIPMENT ) | |
| SERVICE, LLP ) | |
| ) | |
| *in personam.* ) | |
| ) | |
| Defendant. ) | |

### SEAMAN'S COMPLAINT UNDER GENERAL MARITIME LAW, NEGLIGENCE AND FOR MAINTENANCE AND CURE

NOW COMES, Plaintiff, Jonathan L. Olson, a person of full age of majority and a resident of the State of Florida and makes the following claim against Skanska USA Civil Southeast his Employer and MTT Equipment Service, LLP the operator, owner, charterer, manager or bareboat charterer of the Vessel F. DAWSON (hereinafter "VESSEL") under the Jones Act, General Maritime Law and Negligence and for maintenance and cure.

### JURISDICTION AND VENUE

1.  Plaintiff, Jonathan L. Olson, (hereinafter "Plaintiff") is a person over the age of 18, a citizen and resident of Pensacola, Florida.

2.  Defendant, MTT Equipment Service, LLP (hereinafter "MTT"), owner, owner *pro hac vice*, operator, charterer, and/or manager of the VESSEL, and the employer or borrowing employer of the VESSEL's crew, is a New Jersey Corporation doing business in Escambia County, Florida at all times material herein.

3.  Defendant, Skanska USA Civil Southeast (hereinafter "Skanska") is a Virginia Corporation that was the direct employer of Plaintiff and the other crew, for work performed in

1

service of MTT's VESSEL at all times material herein and was doing business in Escambia County, Florida.

4. The Defendants are subject to the jurisdiction of this Court by virtue of their contacts with the State of Florida or their substantial conduct or systematic business in the State of Florida. This cause of action arose on the navigable waters of the United States of America in Pensacola Bay, Escambia County, Florida. Therefore, jurisdiction and venue properly lie in this County and within the Jurisdiction of this Court.

5. The Court has jurisdiction of this action and the parties pursuant to 28 U.S.C. §1333, the General Maritime Law of the United States, and 46 U.S.C. Section 30104 et seq. Federal Rule of Civil Procedure of the Supplemental Rules of Admiralty and Maritime Claims apply to this action. Plaintiff makes a Rule 9(h) election for a non-jury trial.

## FACTS

6. The VESSEL is a of steel construction with a registered length of 65.5 feet. She was built in 1969. Her Coast Guard number is 523973.

7. At all times material, MTT chartered, owned, managed, operated and/or controlled the VESSEL, and was Plaintiff's employer or borrowing employer.

8. At all times material, Skanska paid Plaintiff for work performed on the VESSEL and was his direct employer.

9. On November 7, 2019, the VESSEL was operating in Pensacola Bay. She was engaged in supporting the work being performed on the Pensacola Bay Bridge upon the navigable waters of the United States of America.

10. At all times material the Plaintiff was a seaman and member of the crew of the VESSEL.

11. Based on information and belief, on the afternoon of November 7, 2019, a rainstorm was threatening causing the VESSEL's Captain to moor her to a bridge fender.

12. Based on information and belief, Plaintiff, pursuant to a valid order, jumped from the bow of the VESSEL on to the bridge fender and was securing a line from the bow of the VESSEL to the bridge fender.

13. Based on information and belief, the Captain of the VESSEL could not see the Plaintiff after the Plaintiff was on the bridge fender.

14. Based on information and belief, the Captain did not radio the Plaintiff to coordinate the mooring of the VESSEL to the bridge fender.

15. Based on information and belief, without warning the Plaintiff of his intentions, the Captain brought the VESSEL ahead pinching and amputating a portion of the Plaintiff's 5th digit of his left hand.

16. At all times relevant and based on information and belief, the VESSEL's windshield wipers were not working. This condition had existed for some time prior to November 7, 2019.

17. Plaintiff requested Maintenance and Cure.

18. Based on information and belief MTT and Skanska failed to provide Cure.

19. Plaintiff was a recent hire and had not received any training by either of the Defendants or the Captain.

## COUNT ONE – NEGLIGENCE - MTT

20. Allegations contained in previous paragraphs 6 through 19 are realleged and adopted by reference herein.

21. MTT owed the duty to provide Plaintiff with a safe place to work.

22. MTT breached its duty by failing to properly train the Plaintiff and by placing him on a vessel that was not properly equipped to operate in inclement conditions. Moreover, the Defendants further breached their duty by failing to warn the Plaintiff of the VESSEL's movement during the mooring procedure.

23. MTT as owner, manager, operator and/or charterer of VESSEL owed a duty to provide a seaworthy vessel. MTT breached the duty owed to Plaintiff.

24. The negligence of MTT in providing the unseaworthy VESSEL, specifically properly functioning windshield wipers, proper training for the Plaintiff, and failing to supervise the Plaintiff, was the proximate cause of the injuries sustained by Plaintiff.

25. Due to the negligence of MTT and the unseaworthiness of the VESSEL, MTT caused Plaintiff to sustain severe and disabling bodily injuries resulting in physical damage, disfigurement to his body and mental impairment.

26. Plaintiff seeks any and all damages, general or special, to which he may be entitled pursuant to the statutory and common law, and in excess of the jurisdictional limits of this Court.

### COUNT TWO – NEGLIGENCE – SKANSKA

27. Allegations contained in previous paragraphs 6 through 26 are realleged and adopted by reference herein.

28. Skanska owe a duty to provide Plaintiff with a safe place to work including but not limited to properly functioning windshield wipers, a properly trained crew, including the Plaintiff and to properly direct the Plaintiff during the mooring procedure.

29. Skanska breached the duty owed to Plaintiff.

30. The negligence of Skanska in providing the unseaworthy VESSEL, specifically properly functioning windshield wipers, a trained crew and properly directing the Plaintiff during the mooring procedure was the proximate cause of the injuries sustained by Plaintiff.

31. Due to the negligence of Skanska and the unseaworthiness of VESSEL, Skanska caused Plaintiff to sustain severe and disabling bodily injuries resulting in physical damage, disfigurement to his body and mental impairment.

32. Plaintiff seeks any and all damages, general or special, to which he may be entitled pursuant to the statutory and common law, and in excess of the jurisdictional limits of this Court.

### COUNT THREE – UNSEAWORTHINESS – MTT

33. All allegations contained in the paragraphs 6 through 32 are realleged herein.

34. The VESSEL was unseaworthy in that MTT failed in its duty to provide the Plaintiff a safe place to work, in that, MTT failed to properly maintain the VESSEL which was the direct and proximate cause of the injuries sustained by Plaintiff.

35. Moreover, the VESSEL was unseaworthy due to the fact that Plaintiff did not receive proper training and the captain failed to properly direct the Plaintiff during the mooring procedure.

36. Plaintiff seeks any and all damages, general or special, to which he may be entitled pursuant to the statutory and common law, and in excess of the jurisdictional limits of this Court.

### COUNT FOUR – UNSEAWORTHINESS – SKANSKA

37. All allegations contained in the paragraphs 6 through 36 are realleged herein.

38. The VESSEL was unseaworthy in that Skanska failed in its duty to provide the Plaintiff a safe place to work, in that, Skanska failed to properly maintain and provide the Plaintiff with proper supervision during the mooring procedure.

39. Plaintiff seeks any and all damages, general or special, to which he may be entitled pursuant to the statutory and common law, and in excess of the jurisdictional limits of this Court.

### COUNT FIVE – MAINTENANCE AND CURE – MTT

40. All allegations contained in paragraphs 6 through 39 are realleged herein.

41. Defendant MTT failed to pay Maintenance and Cure as required by the Jones Act and General Maritime law.

42. As of the date of this Pleading MTT has not paid for all medical treatment associated with the injury made the basis of this Claim.

43. MTT's willful failure to pay Cure has caused the medical providers to "write-off" a substantial portion of the medical bills associated with the injury and occasioned the Plaintiff to receive collection demands from the various medical providers for treatment received as a result of the injury made the basis of this Claim.

44. MTT's actions and inactions in failing in its duty to provide Cure evidence wanton, willful and outrageous conduct.

45. Plaintiff seeks any and all damages, general or special, and punitive to which he may be entitled pursuant to the statutory and common law, and in excess of the jurisdictional limits of this Court.

### COUNT SIX – MAINTENANCE AND CURE – SKANSKA

46. All allegations contained in paragraphs 6 through 45 are realleged herein.

47. Defendant Skanska failed to pay Maintenance and Cure as required by the Jones Act and General Maritime law.

48. As of the date of this Pleading Skanska has not paid for all medical treatment associated with the injury made the basis of this Claim.

49. Skanska's willful failure to pay Cure has caused the medical providers to "write-off" a substantial portion of the medical bills associated with the injury and occasioned the Plaintiff to receive collection demands from the various medical providers for treatment received as a result of the injury made the basis of this Claim.

50. Skanska's actions and inactions in failing in its duty to provide Cure evidence wanton, willful and outrageous conduct.

51. Plaintiff seeks any and all damages, general or special, and punitive to which he may be entitled pursuant to the statutory and common law, and in excess of the jurisdictional limits of this Court.

### DAMAGES

52. All allegations contained in the paragraphs 6 through 51 are realleged herein.

53. As a direct and proximate result of MTT and Skanska's joint tortious conduct, Plaintiff has suffered serious and grievous injuries to his mind and body. Plaintiff has been damaged in the following particulars:

    (a)    Plaintiff has suffered physical pain and mental anguish and will continue to suffer great pain of body and mind throughout his lifetime;

    (b)    Plaintiff has incurred medical, pharmaceutical, and other expenses, and will incur medical, pharmaceutical, and other expenses in the future due to his injury;

    (c)    Plaintiff suffers a physical impairment and will continue to suffer this impairment in the future due to his injuries;

    (d)    Plaintiff has suffered lost earnings and will suffer the loss of ability to earn income in the future because of his injuries;

    (e)    Plaintiff seeks punitive damages for MTT and Skanska's arising out of their willful and callous disregard for the Plaintiff's well-being by failing to pay Maintenance and Cure.

54. Plaintiff seeks attorney fees and costs as provided by law.

55. Plaintiff seeks any and all other damages, general or special, as well as punitive to which Plaintiff may be entitled pursuant to General Maritime Law, statutory, and common law.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff prays as follows:

Plaintiff demands judgment against the Defendants jointly and severally, *in personam,* for general, special and punitive damages. Plaintiff also seeks costs, for prejudgment interest from the date of Plaintiff's injury, and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, to which Plaintiff may show himself justly entitled. That the Plaintiff have and receive such other, different and further relief as justice and equity may require.

Respectfully submitted,

**/s/Michael G. Huey**
MICHAEL G. HUEY (HUE002)
Attorney for the Plaintiff

**OF COUNSEL:**
HUEY LAW FIRM LLC
Post Office Box 1806
Mobile, Florida 36633
(251) 433-6622 Telephone
(251) 433-6654 Facsimile
mghuey@hueyfirm.com

**Certificate of Service**

      I hereby certify that on this 3rd day of MARCH 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties herein, including counsel listed below, and I hereby certify that I have mailed by United States Postal Service the document to any non-CM/ECF participants.

**/s/Michael G. Huey**