UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| JONATHAN L. OLSON<br>　　Plaintiff, | §<br>§ | Civil Action No.:3 :20-CV-04060-RV-HTC |
| v. | §<br>§ | |
| SKANSKA USA CIVIL SOUTHEAST,<br>INC. AND MTT EQUIPMENT<br>SERVICE, LLP<br>　　Defendant. | §<br>§<br>§<br>§<br>§ | |

**SKANSKA USA CIVIL SOUTHEAST, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Skanska USA Civil Southeast, Inc. (hereinafter referred to as "Defendant" or "Skanska") by and through the undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, hereby files its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint as follows:

**JURISDICTION AND VENUE**

1.

Defendant admits the allegations contained in Paragraph 1.

2.

Defendant admits that Plaintiff was an employee. Defendant denies the remaining allegations contained in Paragraph 2.

3.

Paragraph 3 contains a legal conclusion to which no response is required. Should answer be required, Defendant admits that venue is proper and for purposes of this litigation only that this Court has personal jurisdiction over Skanska. Defendant denies the remaining allegations.

4.

Paragraph 4 contains a legal conclusion to which no response is required. Should answer be required, it is denied.

**FACTS**

5.

Defendant denies the allegations contained in Paragraph for lack of information to justify a belief.

6.

Defendant admits that Plaintiff was employed by Defendant. Defendant denies the remaining allegations.

7.

Defendant admits that Defendant was Plaintiff's direct employer. Defendant denies the remaining allegations.

8.

Defendant denies the allegations contained in Paragraph for lack of information to justify a belief.

9.

Defendant denies the allegations contained in Paragraph for lack of information to justify a belief.

10.

Defendant denies the allegations contained in Paragraph for lack of information to justify a belief.

11.

Defendant denies the allegations contained in Paragraph for lack of information to justify a belief.

12.

Defendant denies the allegations contained in Paragraph for lack of information to justify a belief.

13.

Defendant denies the allegations contained in Paragraph for lack of information to justify a belief.

14.

Defendant denies the allegations contained in Paragraph for lack of information to justify a belief.

15.

Defendant denies the allegations contained in Paragraph for lack of information to justify a belief.

16.

Defendant admits the allegations contained in Paragraph 16.

17.

Defendant denies the allegations contained in Paragraph 17.

18.

Defendant denies the allegations contained in Paragraph 18.

19.

Defendant denies the allegations contained in Paragraph for lack of information to justify a belief.

**COUNT ONE-NEGLIGENCE-SKANSKA**

20.

The allegations in Paragraph 20 incorporate the allegations made in Paragraphs 5-19. Defendant repeats and reiterates all of its defenses and answers made in Paragraphs 5-19. Defendant denies the remaining allegations contained in Paragraph 20.

21.

Defendant admits the Plaintiff was provided a safe place to work. Defendant denies the remaining allegations contained in Paragraph 21.

22.

Defendant denies the allegations contained in Paragraph 22.

23.

Defendant denies the allegations contained in Paragraph 23.

24.

Defendant denies the allegations contained in Paragraph 24.

25.

Defendant denies the allegations contained in Paragraph 25.

26.

Paragraph 26 contains a legal conclusion to which no response is required.  Should answer be required, it is denied.

## COUNT TWO-UNSEAWORTHINESS-SKANSKA

27.

The allegations in Paragraph 20 incorporate the allegations made in Paragraphs 5-26. Defendant repeats and reiterates all of its defenses and answers mad in Paragraphs 5-26.  Defendant denies the remaining allegations contained in Paragraph 27.

28.

Defendant denies the allegations contained in Paragraph 28.

29.

Paragraph 29 contains a legal conclusion to which no response is required.  Should answer be required, it is denied.

## COUNT THREE-MAINTENANCE AND CURE-SKANSKA

30.

The allegations in Paragraph 20 incorporate the allegations made in Paragraphs 6-29. Defendant repeats and reiterates all of its defenses and answers mad in Paragraphs 6-29. Defendant denies the remaining allegations contained in Paragraph 30.

31.

Defendant denies the allegations contained in Paragraph 31.

32.

Defendant denies the allegations contained in Paragraph 32.

33.

Defendant denies the allegations contained in Paragraph 33.

34.

Defendant denies the allegations contained in Paragraph 34.

35.

Paragraph 35 contains a legal conclusion to which no response is required. Should answer be required, it is denied.

**DAMAGES**

36.

The allegations in Paragraph 20 incorporate the allegations made in Paragraphs 6-35. Defendant repeats and reiterates all of its defenses and answers mad in Paragraphs 6-35. Defendant denies the remaining allegations contained in Paragraph 36.

37.

Paragraph 37 requires no response from Defendant, but to the extent a response is necessary, Defendant denies the allegations, including all allegations in the sub-sections, in Paragraph 37.

38.

Paragraph 38 requires no response from Defendant, but to the extent a response is necessary, Defendant denies the allegations in Paragraph 38.

39.

Paragraph 39 requires no response from Defendant, but to the extent a response is necessary, Defendant denies the allegations in Paragraph 39.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's lawsuit fails to state a claim and/or cause of action and/or right of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are not related to the alleged incident sued upon.

### THIRD AFFIRMATIVE DEFENSE

In the alternative, Defendant pleads that if it is determined that the Plaintiff was working aboard a vessel at the time of his incident, which Defendant denies, such vessel was not unseaworthy nor was her crew negligent, and any such action or omission was not the proximate cause of Plaintiff's injuries, illnesses and/or damages, and is no way connected with the injuries, illnesses and/or damages, and is no way connected with the injuries, illnesses and/or damages for which Plaintiff now seeks recovery.

### FOURTH AFFIRMATIVE DEFENSE

The alleged incident and/or damages in question, if any, were not caused or contributed to by any negligence on the part of the Defendant or anyone for whom Defendant may be responsible but was caused solely and proximately by the negligence of Plaintiff and/or the neglect of other persons and/or parties and/r entities for whom Defendant cannot be held responsible.

## FIFTH AFFIRMATIVE DEFENSE

In the alternative, and only to the extent that it is determined that the accident or illness in question occurred and damages were sustained, which is specifically denied, Defendant avers that Plaintiff was guilty of contributory negligence and/or comparative fault.

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiff sustained illness or injury, it is no way caused or connected with Plaintiff's duties aboard the Vessel nor while he was in the service of the vessel.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff failed to fully mitigate his damages, Defendant avers that they are entitled to full credit and relief.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's damages, if any, were caused by his voluntary assumption of a normal and accepted risk inherent in his employment.

## NINTH AFFIRMATIVE DEFENSE

The Vessel and all its appurtenances were at all times strong, staunch, sturdy, well-maintained, and reasonably fit for their intended purposes.

## TENTH AFFIRMATIVE DEFENSE

In the alternative, if it is determined that the Vessel was unseaworthy and/or that her crew was negligent, which is denied, such was not the proximate cause of Plaintiff's injuries and is in no way connected with said injuries.

## ELEVENTH AFFIRMATIVE DEFENSE

The incident and attendant circumstances allegedly causing the incident were open, obvious, and well-know to the Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts any and all defenses, terms, conditions, warranties, limitations, and/or duties contained in any potentially applicable contracts and insurance policies.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant avers that Plaintiff has reached maximum medical improvement.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant hereby asserts all rights of credit, setoff, indemnity and/or contribution to which it may be entitled by law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff was never a seaman. Thus, he has no cause of action against Defendant pursuant to the Jones Act, for maintenance and cure, for any alleged damages associated with any obligation to pay maintenance and cure (including punitive damages and attorneys' fees), and/or for any alleged unseaworthiness. Alternatively, Plaintiff is not entitled to maintenance for any period during which Plaintiff's living expenses (maintenance) and medical costs (cure) were funded by a third party. Defendant avers that Plaintiff has no cause and/or right of action for punitive damages under the Jones Act, general maritime law, or federal law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert other and additional defenses to which it may be entitled upon completion of further investigation and discovery herein.

Respectfully submitted,

**SCHOUEST, BAMDAS,
SOSHEA & BENMAIER, PLLC**


/s/ *Jonathan A. Tweedy*
Jonathan A. Tweedy (admitted *pro hac*)
Melissa A. Miller (*pro hac pending*)
365 Canal St., Ste. 2730
New Orleans, LA 70118
T: 504-561-0323
F: 504-528-9442
rcozad@sbsblaw.com
jtweedy@sbsblaw.com
mmiller@sbsblaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record pursuant to the Federal Rules of Civil Procedure on May 27, 2020.

/s/ *Jonathan A. Tweedy*
Jonathan A. Tweedy